FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 2 7 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ADRIANA BUELNA-ZAMBA,<br><br>        Petitioner,<br><br>v.<br><br>MS. T. BANKS,<br><br>        Respondent. | No. CV 08-1883-GAF (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

    IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: 10/24/08

GARY A. FEESS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA BUELNA-ZAMBA,<br>　　　　Petitioner,<br>　　v.<br>MS T. BANKS,<br>　　　　Respondent. | NO. CV 08-1883-GAF (AGR)<br><br>REPORT AND<br>RECOMMENDATION OF UNITED<br>STATES MAGISTRATE JUDGE |

The Court submits this Final Report and Recommendation to the Honorable Gary A. Feess, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that the Petition be denied without prejudice.

///
///
///
///
///
///

## I.
## SUMMARY OF PROCEEDINGS

Petitioner is incarcerated at a Federal Correctional Institution in Victorville, California. (Petition at 2.)

On March 20, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. Ground Two challenges 28 C.F.R. § 570.21 as invalid. (Petition at 3.) Ground One asks that the Court waive her failure to exhaust administrative remedies "because the issue has been pre-determined by the Federal Bureau of Prison" under the regulation. (*Id.*)

On April 29, 2008, Respondent filed a motion to dismiss ("MTD") on three grounds: (1) the Petition is moot; (2) failure to present a cognizable habeas claim; and (3) failure to exhaust administrative remedies.

Petitioner's opposition was due to be filed and served within 30 days of the date of service of the motion, May 29, 2008. (Order dated April 1, 2008 ¶ 3, Docket No. 3.) Petitioner did not file an opposition.

On June 2, 2008, the Court issued an Order that Petitioner file an opposition no later than July 2, 2008. (Docket No. 6.) The Order advised Petitioner that failure to oppose a motion to dismiss may be construed as consent to the granting of the motion and may result in dismissal of the action.

To date, Petitioner has not filed an opposition.

The matter was taken under submission and is now ready for decision.

## II.
## DISCUSSION

### A. Jurisdiction

Respondent argues that this Court does not have habeas jurisdiction to the extent Petitioner challenges the location of her confinement. Federal habeas relief is appropriate when "a state prisoner . . . challeng[es] the very fact or

duration of his physical imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). In addition, the "unlawful[] confine[ment] in the wrong institution" is a cognizable claim under § 2241 because the petitioner "is being unlawfully subjected to physical restraint." *Id.* at 486 (citation and footnote omitted); *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000) ("[P]etitions that challenge the manner, *location*, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.") (emphasis added) (citation omitted); *see also Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (same).

Accordingly, this Court has federal habeas jurisdiction.

**B.     Exhaustion**

Respondent argues that the Petition should be dismissed because Petitoner has failed to exhaust administrative remedies set forth in 28 C.F.R. §§ 542.10-542.19. (Vize Decl. ¶¶ 7-8.) As discussed above, Petitioner has not filed an opposition. However, the Petition argues futility because the Bureau of Prison's (BOP) policy is predetermined. (Petition at 3 & Attachment.)

Exhaustion of remedies is not required under § 2241. *Rivera v. Ashcroft*, 394 F.3d 1129, 1139 (9th Cir. 2004). When, as here, exhaustion of remedies is not jurisdictional, "'the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust administrative remedies before proceeding in court.'" *Id.* (quoting *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55, 115 S. Ct. 2021, 132 L. Ed. 2d 46 (1995)).

After the Petition was filed, the President signed the Second Chance Act into law on April 9, 2008. Among other things, the BOP is now authorized to consider placing inmates in a community correctional facility for up to the final 12 months of their sentences, as opposed to the previous limit of the final 6 months. 18 U.S.C. § 3624(c)(1). The statute requires the BOP to issue new regulations

3

no later than 90 days after passage of the Act. 18 U.S.C. § 3624(c)(6). In addition, 18 U.S.C. § 3624(c)(4) states that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."

On April 14, 2008, the BOP issued a Memorandum for Chief Executive Officers regarding "Pre-Release Residential Re-Entry Center Placements Following the Second Chance Act of 2007" (hereinafter "Memorandum"). The Memorandum states that 28 C.F.R. §§ 570.20 and 570.21 "are no longer applicable, and must no longer be followed." (Memorandum at 2.) In addition, Section 5 of the Program Statement 7310.04 "must be disregarded." (*Id.* at 3.)

Accordingly, Petitioner cannot establish futility to excuse exhaustion of administrative remedies. The relief she requests in her Petition – that 28 C.F.R. § 570.21 be declared invalid – has been achieved. It is therefore recommended that Petitioner be required to exhaust administrative remedies.[1]  *Rivera*, 394 F.3d at 1139.

## III.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation; and (2) directing that Respondent's motion to dismiss the Petition for Writ of Habeas Corpus be granted and that the Petition be denied without prejudice.

DATED: July 21, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[1] Because it is recommended that the Petition be dismissed without prejudice for failure to exhaust administrative remedies, the Court does not reach Respondent's remaining grounds.

## **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.